UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFFAT MOHSEN MAKRAM SHAFIEK, | No. 1:26-cv-03968-DJC-CKD |
| Petitioner, | |
| v. | RELEASE ORDER |
| WARDEN, CENTRAL VALLEY ANNEX, McFARLAND, CA, et al., | A# 246-923-697 |
| Respondents. | |

Petitioner Effat Mohsen Makram Shafiek is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Count 2 of the Petition.  *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744-DJC-CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663-DJC-CKD, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *Lopez v. Lyons*, No. 2:25-cv-03174-DJC-CKD, 2025 WL 3124116 (E.D. Cal. Nov. 7, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Count 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 1.)  Respondents argue that this case differs as Petitioner is

1

subject to mandatory detention under 8 USC § 1225(b)(1)(B)(ii).  (ECF No. 7 at 3.)  It is doubtful that this subsection applies to Petitioner.  Section 1225(b)(1) applies to noncitizens who are "arriving in the United States" as well as certain other noncitizens "who have not been admitted or paroled[.]"  Respondents have not argued or presented any indication that Petitioner was arriving in the United States at the time of his detention.  It is also uncontested that Petitioner was paroled into the United States.  As other courts have held, this disqualifies Petitioner from mandatory detention under 8 USC § 1225(b)(1)(B)(ii).  *See Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678, at *2 (E.D. Cal. Dec. 16, 2025) (collecting cases).  Even if this section were applicable to Petitioner though, it does not reduce Petitioner's liberty interest or undercut the process to which he is entitled.

Accordingly, as Respondents have not made any persuasive new legal arguments and have not identified any factual or legal issues in this case that would materially distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Effat Mohsen Makram Shafiek from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

their counsel present.  This Order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal.

The Clerk of the Court is directed to serve Central Valley Annex with a copy of this Order.

The Clerk of the Court is further directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **June 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE